The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick, the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing and by post-hearing agreement as:
 STIPULATIONS
1. On July 4, 1998, the date of plaintiffs alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. A set of plaintiffs medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
4. The Industrial Commission Form 22, Wage Chart prepared by defendant and offered into evidence by the parties after the hearing may be used to calculate plaintiffs average weekly wage.
***********
Based upon all of the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was forty-one years old. She attended and completed high school in Germany. In 1986, she completed a two-year course of study in horticulture from a technical college. Her employment history consisted primarily of work for businesses that operated greenhouses.
2. Plaintiff became employed by defendant as a greenhouse worker in 1994. She was classified as a temporary or part-time employee. Plaintiffs duties for defendant included responsibility for weeding, fertilizing, watering and mowing.
3. On November 29, 1997, plaintiff was involved in a motor vehicle collision. The collision occurred when the vehicle plaintiff was operating was struck on the drivers side by another vehicle while plaintiffs vehicle was stopped at a stop sign. Plaintiff was not performing any duty for defendant at the time of this collision.
4. Following this collision, plaintiff began experiencing pain in her neck, shoulder blade, lower back and left leg. As a consequence of her injuries, plaintiff was restricted from performing her usual duties for defendant. On January 6, 1998, she was restricted from lifting, pushing or pulling more than ten pounds. She was also restricted from prolonged sitting or standing and overhead reaching or lifting.
5. On January 26, 1998, plaintiff came under the care of Dr. Indriso. At that time, plaintiff continued to experience pain in her neck, back and upper extremities. Plaintiffs low back symptoms were aggravated by the performance of her usual work duties for defendant.
Therefore, Dr. Indriso continued plaintiffs work restrictions against lifting greater than ten pounds. Dr. Indriso continued to evaluate and treat plaintiff for low back pain and lower extremity pain through May 20, 1998. At the time Dr. Indriso discontinued her treatment of plaintiff, she referred plaintiff to Dr. Loomis. She also continued plaintiffs restrictions against lifting greater than ten pounds and sitting for periods greater than fifteen minutes.
6. Plaintiff received a MRI study of her lumbar and cervical spine on April 29, 1998. That study revealed a left paracentral disc protrusion at L4-L5, a central disc protrusion at C5-C6 and a left-sided disc protrusion at C6-C7.
7. When plaintiff returned to work for defendant following her automobile collision in November 1997, she did not return to work on a full-time basis for two reasons: 1) defendant was unable to provide plaintiff with full-time light duty work and 2) plaintiff, who was receiving publicly funded medial assistance for her daughter, desired to continue her eligibility for that assistance by suppressing the number of hours she worked and amount of wages she earned.
8. Plaintiff testified that while performing her usual duties for defendant on July 4, 1998, she pulled a garden hose she was using to water plants. She testified that while pulling the hose her torso was twisted and she experienced a sudden onset of low back pain. Plaintiff did not report this incident to her supervisor on July 4, 1998. She did report this incident to her supervisor the following day.
9. Plaintiff last worked for defendant on July 5, 1998. Plaintiff has not sought employment from any employer since her last day of work for defendant.
10. On July 6, 1998, plaintiff presented to Dr. Minnick. On that date, plaintiff complained of low back pain. Dr. Minnick performed a neurological exam that revealed no abnormality. He prescribed anti-inflammatory and muscle relaxant medications.
11. On June 24, 1999, plaintiff presented to and was evaluated by Dr. Weiss, a neurosurgeon. Dr. Weiss performed a neurological examination. His examination revealed no neurological abnormality.
12. Drs. Weiss and Minnick have no opinion about what caused the symptoms plaintiff complained of after July 4, 1998. Dr. Indriso, who did not examine or treat plaintiff after July 4, 1998, had no opinion about what caused her symptoms after that date.
13. Lori Striffel, a certified clinical social worker, who treated plaintiff for major depression prior to 1998 and for anxiety attacks and agoraphobia beginning in December 1998, had no opinion about what caused plaintiffs agoraphobia and panic attacks.
14. No medical professional excused plaintiff from work after July 4, 1998.
15. The evidence of record is insufficient to prove by its greater weight that the symptoms plaintiff experienced after July 4, 1998 were caused or significantly aggravated by the alleged incident on that date. Rather, the greater weight of the evidence tends to show that plaintiffs symptoms after July 4, 1998 were caused by her injury on November 17, 1997 and that she sustained no injury on July 4, 1998.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of her employment with defendant on July 4, 1998. N.C. Gen. Stat. 97-2(6).
2. Plaintiff was not disabled after July 4, 1998 within the meaning of the North Carolina Workers Compensation Act. Hilliard v. ApexCabinet Co., 305 N.C. 539, 290 S.E.2d 682 (1982).
3. Plaintiff is entitled to no compensation under the North Carolina Workers Compensation Act.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
This 25th day of May 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER